UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWIN SEGOVIA and JUNIOR HERMIDA,
on behalf of themselves and all others
similarly situated,

                        Plaintiffs,

                      -against-

VITAMIN SHOPPE, INC.,

                        Defendant.

No. 14 Civ. 7061 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiffs Edwin Segovia and Junior Hermida ("Segovia" and "Hermida," respectively, and collectively, "Plaintiffs") bring this putative class action against Defendant Vitamin Shoppe, Inc., asserting claims for breach of express warranty, fraud by uniform written misrepresentation and omission, and unjust enrichment, as well as violations of New York's General Business Law §§ 349 and 350 and Florida's Deceptive and Unfair Trade Practices Act.

    Before the Court is Plaintiffs' motion to voluntarily dismiss with prejudice Hermida as a named Plaintiff under Federal Rule of Civil Procedure 41(a)(2) but keep open the Florida law claims brought on his behalf. (ECF No. 58 (filed June 3, 2016).) On July 1, 2016, Magistrate Judge Lisa Smith recommended that this Court grant Plaintiffs' motion to dismiss Hermida but deny Plaintiffs' request to allow the Florida claims to remain in the action pending a substitute named Plaintiff. Judge Smith, instead, recommended Hermida and the Florida claims be dismissed with prejudice with respect to this action but without prejudice with respect to a new action. (ECF No. 66.) Neither Plaintiffs nor Defendant have filed any objections to Judge Smith's recommendation. For the following reasons, Plaintiff Hermida and the remaining Florida law claims are DISMISSED without prejudice to the filing of a new separate action.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2016

## BACKGROUND

Defendant Vitamin Shoppe sells dietary supplements, including Whey Tech Pro 24 ("Whey") and BodyTech 100% Casein ("Casein").  (Compl. ¶ 1.)  Segovia, a New York resident, purchased Whey from Vitamin Shoppe's website.  (*Id.* ¶ 8.)  Hermida, a Florida resident, purchased Whey and Casein at a Vitamin Shoppe store located in Florida.  (*Id.* ¶ 9.)  Plaintiffs brought this putative class action against Defendant on September 2, 2014, alleging Defendant "dramatically under-doses the digestive enzyme Aminogen [in both products] and falsely claims [on Whey's label] that lactase helps aid in the absorption and digestion of protein, such that none of the promised benefits are or can be delivered by the Products."  (*Id.* ¶ 3.)

As noted above, Judge Smith issued a Report and Recommendation ("R & R") recommending that Hermida and the Florida law claims be dismissed from this action with prejudice but without prejudice to a new action—to which none of the parties have objected.  The Court adopts the background and procedural history as outlined in Judge Smith's R & R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1).  Where a magistrate judge issues a report and recommendation:

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R & R issued by Judge Smith, the Court reviews the recommendation for clear error.  Federal Rule of Civil Procedure 41(a)(2) allows, "at the Plaintiff's request," this Court to order an action dismissed "on terms that the court considers proper."  A Rule 41(a)(2) dismissal without prejudice is a matter committed to the sound discretion of the district court.  *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).  The United States Court of Appeals for the Second Circuit has provided a number of factors that a district court may consider when exercising that discretion:

> In *Camilli v. Grimes*, we noted that two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. The first . . . indicates that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. The second . . . involves consideration of various [non-exhaustive and non-dispositive] factors, known as the *Zagano* factors[,] includ[ing]: (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial,

(4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for [dismissal].

*Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citing *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006), and *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)) (internal citations and quotations omitted).

The Court finds no error on the face of the R & R and thus adopts Judge Smith's R & R in its entirety. The Court agrees that the balance of factors concerning dismissals under Rule 41(a)(2) and the parties competing positions, *i.e.* Plaintiffs' desire to dismiss Hermida from the action with prejudice but keep the Florida law claims in the case awaiting the arrival of a new plaintiff as compared to Defendant's desire to condition the dismissal on extinguishing the Florida law claims and on requiring Hermida to appear for a deposition, weigh in favor of dismissal without prejudice to the filing of a new, separate action. In essence, Plaintiff Hermida and the Florida law claims, which cannot continue forward without some plaintiff with standing to assert them, *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("As a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims of potential class members cannot be considered."), are dismissed from this action with prejudice. But, Hermida (or some other plaintiff) is not precluded from bringing a new action on these claims within the applicable statute of limitations.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Smith's Report and Recommendation in its entirety. Plaintiffs' motion to voluntarily dismiss Hermida from this action is GRANTED with prejudice as to the current action but without prejudice to filing a new separate action. The Florida law claims are DISMISSED with prejudice as to the current action

but without prejudice to being asserted in a new separate action. This Court conditions the dismissal on Hermida providing Vitamin Shoppe with his address so that he may be served with a deposition subpoena in the future. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 58.

Dated: July 27, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge